UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-132-FL

| | |
|---|---|
| DONALD L. MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| DONALD MONROE and ) | |
| WELLS FARGO, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on (1) Defendants' motion to dismiss [DE-6] for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim on which relief may be granted; and (2) Plaintiff's motion to proceed [DE-13]. The Court construes Plaintiff's motion to proceed as a response to Defendants' motion to dismiss. Defendants have not filed a response to Plaintiff's motion to proceed. Thus, both motions are presently ripe for review. Chief Judge Flanagan has referred both matters to the undersigned Magistrate Judge for a memorandum and recommendation.

## STATEMENT OF THE CASE

On July 6, 2010, Donald L. Morrison ("Plaintiff") filed a *pro se* Complaint [DE-1] against Donald Monroe and Wells Fargo (collectively "Defendants"). In his complaint, Plaintiff described his cause of action as a "complaint of fraud and embezzlement against Defendants for engaging in a conspiracy to defraud the Plaintiff out of some $300,000." Compl. at 1. Plaintiff went on to detail funds in the amount of $302,074 that he "had on deposit with Wachovia/Wells Fargo" and now characterizes as "missing." *Id.* No further explanation as to the fate of these funds is provided in the complaint itself. Plaintiff requested that the Court compel Defendants to

1

pay the missing funds along with suitable interest as well as "consider a multiple count for fraud and embezzlement due to premeditated motivation." *Id.*

Defendants filed a Motion to Dismiss [DE-6] on July 27, 2010. In it, they moved to dismiss this action based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, Defendants moved to dismiss this action for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Mot. to Dismiss at 1.

Rather than filing a traditional response, Plaintiff responded to the motion to dismiss with a document captioned as a Motion to Proceed [DE-13] on August 9, 2010. In this response, Plaintiff elaborated on the allegations in his complaint, asserting, among other things, that Defendants "filed a false request for an Employee I.D. number" in order to "obtain an unknown bank account," "'sold away' all of the Plaintiff's investments by use of illegal wire transfers," and "unfairly separate[d] the Plaintiff from his investments with the use of their ability to access the wire transfer system."[1] Mot. to Proceed at 1-2. In addition, Plaintiff listed several federal laws which he believes that Defendants have violated: (1) 15 U.S.C. § 41; (2) FDIC regulations § 205.13 and § 916a.1; (3) 18 U.S.C. § 1343; (4) "obstruction of justice by impeding a federal investigation;" and (5) "misappropriation" of stocks. *Id.* at 2. Plaintiff also attached as exhibits various forms of documentation relating to his accounts [DE-13-1; DE-13-2; DE-13-3].

## STANDARD OF REVIEW

The subject matter jurisdiction of this Court is limited to actions based on diversity of citizenship or federal questions. Jurisdiction based on diversity of citizenship requires the plaintiff to demonstrate that none of the defendants hold citizenship in the same state as the plaintiff and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28

---

[1] Essentially, Plaintiff seems to believe that he deposited money with Defendant Wells Fargo, who then "sold away" Plaintiff's funds by wiring them into a fake bank account created for that purpose.

2

U.S.C. § 1332(a). Generally speaking, a plaintiff can proceed on federal question jurisdiction where he or she alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, a plaintiff must include in his complaint "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Rule 12(b)(1) permits a court to dismiss an action which lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under this rule, a defendant may challenge subject matter jurisdiction in one of two ways—facially or substantively. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In a facial challenge, a defendant contends that a complaint fails to allege facts upon which subject matter jurisdiction can be based. In such a challenge, the facts alleged in the complaint are taken to be true by the court. In a substantive challenge, the defendant contends that, though a complaint alleges sufficient facts to invoke subject matter jurisdiction, those facts are not themselves true. *Id.*; *see also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Lack of subject matter jurisdiction is a jurisdictional defect that may be raised at any time. *Arbagh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Notwithstanding the fact that a court has subject matter jurisdiction over a dispute, Rule 12(b)(6) permits a court to dismiss an action which fails to state a claim on which relief maybe granted. Fed. R. Civ. P. 12(b)(6). Essentially, a motion to dismiss under 12(b)(6) tests the sufficiency of the facts pleaded in the complaint. The relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, a court must consider the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "[a] pro

se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardu*, 551 U.S. 89, 92 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## DISCUSSION

### A. Defendants' Motion to Dismiss

In their motion to dismiss, Defendants first moved to dismiss this action based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1). In the alternative, Defendants moved to dismiss this action for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

#### 1. Subject matter jurisdiction

Defendants moved to dismiss this action based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Defendants first argue that Plaintiff's complaint contains no statement setting forth the basis of jurisdiction, in violation of Rule 8(a)(1). Next, they mount a facial challenge, arguing that the complaint fails to allege facts upon which subject matter jurisdiction can be based. To that end, Defendants argue both that diversity jurisdiction is inappropriate because both Plaintiff and Defendant Monroe are citizens of North Carolina and that federal question jurisdiction is inappropriate because the complaint contains no reference to the Constitution, laws, or treaties of the United States, or any other suggestion that federal question jurisdiction is applicable.

Defendants are correct that Plaintiff's complaint does not contain a "short and plain statement of the grounds upon which the court's jurisdiction depends," as required by Rule 8(a)(1). The complaint itself does not contain a statement asserting the basis of federal jurisdiction, and in his civil cover sheet [DE-1-1], Plaintiff erroneously checked the box "U.S.

4

Government Plaintiff" as the basis of jurisdiction. However, giving due consideration to Plaintiff's *pro se* status, the Court will overlook the absence of the required jurisdictional allegation and proceed to the merits of Defendants' facial challenge to subject matter jurisdiction.

There is no evidence before the Court that tends to suggest diversity jurisdiction is appropriate. Though Plaintiff does claim an amount in controversy of over $75,000, Plaintiff *himself* asserts that both he and the Defendants reside in North Carolina. Compl. at 1. In addition, Defendants have provided an affidavit from Defendant Monroe in which he attests that he is a citizen of North Carolina. Aff. of Donald R. Monroe at 1 [DE-6-1].[2] Therefore, the Court finds that there is no basis for diversity jurisdiction over this case.

Similarly, even granting Plaintiff every benefit of the doubt and construing his *pro se* complaint liberally, there is no evidence before the Court that tends to suggest that federal question jurisdiction is appropriate. In his civil cover sheet, Plaintiff cites "civil fraud" as the U.S. Civil Statute under which he is filing. However, at no point in his complaint does he elaborate on the identity of this supposed statute. Looking outside the complaint, Plaintiff does claim in his motion to proceed that Defendants have violated several federal laws in "removing the investments," namely (1) 15 U.S.C. § 41; (2) FDIC regulations § 205.13 and § 916a.1; (3) 18 U.S.C. § 1343; (4) "obstruction of justice by impeding a federal investigation;" and (5) "misappropriation" of stocks. Mot. to Proceed at 2. The Court construes this list as a second attempt by Plaintiff to assert a basis for federal question jurisdiction. However, in response, the Court notes that (1) 15 U.S.C. § 41 is the statute which establishes the Federal Trade Commission; (2) FDIC regulation § 205.13 deals with record retention for electronic fund

---

[2] Though Defendants make no assertions as to the citizenship of Defendant Wells Fargo, the Court notes that Plaintiff also appears to believe that Defendant Wells Fargo is a North Carolina "resident." Compl. at 1.

transfers, to be enforced by federal agencies; (3) FDIC regulation § 916a.1 states the basis for *criminal* liability regarding electronic fund transfers; (4) 18 U.S.C. § 1343 is the *criminal* wire fraud statute; (5) obstruction of justice is also a *criminal* offense; and (6) misappropriation of stocks is not a federal civil cause of action of which this Court is aware. As such, it appears that none of these statutes are able to form the basis of a civil action brought by a private individual in federal court. To the extent Plaintiff states *any* claim, he appears to be seeking redress for some type of fraud, embezzlement, or possibly conversion. However, to the extent that such claims are civil in nature, they fall soundly within the province of state courts and raise no federal question. Therefore, the Court finds that there is no basis for federal question jurisdiction in this case.

Even taking as true all of the facts alleged in Plaintiff's complaint, Plaintiff has failed to allege facts upon which subject matter jurisdiction can be based. Accordingly, the Court recommends that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

### 2. Failure to state a claim on which relief may be granted

In the alternative, Defendants moved to dismiss this action for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Defendants argue that the complaint fails to state a claim on which relief can be granted against either Defendant.

Based on the foregoing discussion, it is clear that this Court lacks subject matter jurisdiction over this case. As such, the Court need not consider the merits of Defendants' alternative argument. However, in the interest of completeness, the Court notes that it is inclined to agree with Defendants' characterizations of Plaintiff's complaint as having failed to plead fraud with sufficient particularity. *See* Memo. in Supp. of Mot. to Dismiss at 4-7.

6

Case 7:10-cv-00132-FL   Document 16   Filed 10/29/10   Page 6 of 7

### B. Plaintiff's Motion to Proceed

As previously stated, the Court construes Plaintiff's motion to proceed to be a response to Defendants' motion to dismiss rather than a separate motion. However, to the extent that Plaintiff's motion to proceed requests any form of additional relief, the Court's recommendation that the complaint be dismissed for lack of subject matter jurisdiction renders any such request for relief moot. Accordingly, the Court recommends that any further relief requested in Plaintiff's motion to proceed be denied as moot.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' motion to dismiss [DE-6] be **GRANTED** and that the Complaint [DE-1] be **DISMISSED**. It is further **RECOMMENDED** that any further relief requested in Plaintiff's motion to proceed [DE-13] be **DENIED AS MOOT.**

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective party and the *pro se* Plaintiff, who have fourteen (14) days after receiving it to file written objections. Failure to file timely written objections bars or may bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

This the 29th day of October 2010.

DAVID W. DANIEL
United States Magistrate Judge