UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-132-FL

| | |
|---|---|
| DONALD L. MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| DONALD MONROE, ) | |
| WELLS FARGO, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge David W. Daniel, regarding defendants' motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim on which relief may be granted (DE # 6), and plaintiff's motion to proceed (DE # 13). The court construes plaintiff's motion to proceed as a response to defendants' motion to dismiss. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts the findings of the magistrate judge.

## STATEMENT OF THE CASE

Plaintiff initiated the instant action by filing complaint July 6, 2010, against defendants Donald Monroe ("Monroe") and Wells Fargo.[1] In his complaint, plaintiff describes his cause of action as "fraud and embezzlement," as well as a "conspiracy to defraud the Plaintiff out of some $300,000." (Compl. ¶ 1.) Plaintiff states that he had a total of $302,074 funds deposited with "Wachovia/Wells Fargo investments" that are now "missing." (Id.) No further explanation as to

---

[1] Based on the exhibits attached to plaintiff's motion to proceed, it appears that Monroe was a Senior Vice President with Wachovia Securities during at least some of the events in question.

the funds is provided in the complaint. Plaintiff asks the court to compel defendants to pay plaintiff the missing amount and to consider a "multiple count" for fraud and embezzlement "due to premeditated motivation." (Id.)

Defendants filed a motion to dismiss on July 27, 2010. Defendants moved to dismiss based on lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, defendants move to dismiss for failure to state a claim upon which relief can be granted, pursuant to rule 12(b)(6).

Plaintiff responded to the motion to dismiss with a document entitled, "Motion to Proceed," which the court construes as a response. In the motion, plaintiff elaborated on the allegations in the complaint. Plaintiff alleges that defendants, among other things, "filed a false request for an Employee I.D. number without my involvement . . ." in order to "obtain an unknown bank account," and that defendants "'sold away' all of the Plaintiff's investments by use of illegal wire transfers." (Pl.'s Resp. ¶ 1.) Plaintiff cited various laws which he alleges defendants have violated in "removing the investments from the Plaintiff." (Id. at 2.) These laws include: (1) 15 U.S.C. § 41; (2) FDIC regulations § 205.13 and § 916a.1; (3) 18 U.S.C. § 1343; (4) "obstruction of justice by impeding a federal investigation;" and (5) "misappropriation" of stocks. (Pl.'s Resp. ¶ 2.) Plaintiff also attached various exhibits containing information about himself and his accounts.

**COURT'S DISCUSSION**

A. Standard of Review

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). This court's subject matter jurisdiction is limited to suits based on diversity of citizenship

2

the funds is provided in the complaint. Plaintiff asks the court to compel defendants to pay plaintiff the missing amount and to consider a "multiple count" for fraud and embezzlement "due to premeditated motivation." (Id.)

Defendants filed a motion to dismiss on July 27, 2010. Defendants moved to dismiss based on lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, defendants move to dismiss for failure to state a claim upon which relief can be granted, pursuant to rule 12(b)(6).

Plaintiff responded to the motion to dismiss with a document entitled, "Motion to Proceed," which the court construes as a response. In the motion, plaintiff elaborated on the allegations in the complaint. Plaintiff alleges that defendants, among other things, "filed a false request for an Employee I.D. number without my involvement . . ." in order to "obtain an unknown bank account," and that defendants "'sold away' all of the Plaintiff's investments by use of illegal wire transfers." (Pl.'s Resp. ¶ 1.) Plaintiff cited various laws which he alleges defendants have violated in "removing the investments from the Plaintiff." (Id. at 2.) These laws include: (1) 15 U.S.C. § 41; (2) FDIC regulations § 205.13 and § 916a.1; (3) 18 U.S.C. § 1343; (4) "obstruction of justice by impeding a federal investigation;" and (5) "misappropriation" of stocks. (Pl.'s Resp. ¶ 2.) Plaintiff also attached various exhibits containing information about himself and his accounts.

**COURT'S DISCUSSION**

A. Standard of Review

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). This court's subject matter jurisdiction is limited to suits based on diversity of citizenship

or on federal questions. Jurisdiction based on diversity of citizenship requires plaintiff to show that none of the defendants are citizens of the same state as the plaintiff, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Federal question jurisdiction exists when plaintiff alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, a plaintiff must include in the complaint a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a case must be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court

accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949, and Twombly, 550 U.S. at 557). When considering a rule 12(b)(6) motion, a court must keep in mind the principle that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 92 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Defendants' motion to dismiss is before the court with benefit of the magistrate judge's analysis. Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B. Analysis

Defendants assert that plaintiff's complaint contains no statement setting forth the basis of jurisdiction as required by rule 8(a)(1). Secondly, defendants mount a facial challenge, arguing that diversity is inappropriate because plaintiff and defendant Monroe are both citizens of North Carolina, and because the complaint contains no reference to the Constitution, laws, or treaties of

4

the United States, or any other suggestion that federal question jurisdiction is appropriate.

Plaintiff's complaint does not contain a "short and plain statement of the grounds upon which the court's jurisdiction depends," and plaintiff incorrectly checked the box, "U.S. Government Plaintiff" on the civil cover sheet. However, considering plaintiff's *pro se* status, the court overlooks the absence of the required jurisdictional allegations, and analyzes plaintiff's claim under defendants' substantive rule 12(b)(1) challenge.

There is no showing that diversity jurisdiction is appropriate. Plaintiff does claim an amount in controversy over $75,000, but diversity fails because plaintiff himself asserts that both he and defendants reside in North Carolina. (See Compl. ¶ 1.) Defendants have also provided an affidavit from defendant Monroe in which he attests that he is a citizen of North Carolina. As such, the complete diversity requirement is not met, and diversity jurisdiction is not present. See Baltimore County v. Cigna Healthcare, 238 Fed. Appx. 914, 920 (4th Cir. 2007)(describing the complete diversity rule).

The court agrees with the magistrate judge's conclusion that there is no federal question jurisdiction. Construing plaintiff's claim liberally, there is no evidence that suggests federal question jurisdiction is appropriate. While plaintiff alleges "civil fraud" on his civil cover sheet, he does not elaborate on the alleged civil statute under which he is filing. Looking outside of the complaint, plaintiff alleges several federal laws in his motion to proceed as the basis for federal question jurisdiction. None of these are appropriate as a basis for a civil action brought in federal court. 15 U.S.C. § 41 is the statute that establishes the Federal Trade Commission, FDIC regulation § 205.13 deals with record retention for electronic fund transfers, to be enforced by federal agencies, FDIC regulation § 916a.1 states the basis for criminal liability regarding electronic fund transfers, 18 U.S.C. § 1343 is a criminal wire fraud statute, obstruction of justice is a criminal offense, and

5

misappropriation of stocks is not a federal civil cause of action of which the court is aware.  As the magistrate judge noted, to the extent plaintiff states any claim, he appears to seek redress for some type of fraud, embezzlement or conversion.  To the extent that such claims are civil in nature, they fall within the province of state courts.

Based on the foregoing, this court lacks subject matter jurisdiction over the matter and dismissal is appropriate.  The court agrees with the magistrate judge's finding that dismissal is also appropriate under rule 12(b)(6).  Considering the facts as plaintiff pleads them to be true, the complaint contains no more than legal conclusions and "bare assertions devoid of further factual enhancement."  Nemet, 591 F.3d at 255.

Additionally, the court agrees with the magistrate judge that to the extent plaintiff's motion to proceed requests any form of additional relief it is denied as moot in light of the court's finding that it lacks subject matter jurisdiction.

## CONCLUSION

In sum, the magistrate judge recommends that defendants' motion to dismiss be granted and that the case be dismissed.  Upon considered review, the court finds that the conclusions reached by the magistrate judge are supported by controlling case law as applied to the facts of this case.  As such, the court ADOPTS in full the findings and recommendations of the magistrate judge.  Accordingly, defendants' motion to dismiss (DE # 6) is GRANTED, plaintiff's motion to proceed (DE # 13) is DENIED as moot, and plaintiff's complaint is DISMISSED.  The clerk is DIRECTED to close this case.

SO ORDERED,  this the 6th day of December, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Court Judge